1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10 | JOSE EDUARDO ARELLANO; et al.,      | Consolidated Case Nos. SACV 14-1886

11 |              Plaintiffs,            | JVS (RNBx) and SACV15-432 JVS
                                        | (RNBx)
12 |
        vs.                             | **DISCOVERY MATTER**
13 |
14 | CITY OF SANTA ANA; et al.,          | **[PROPOSED]** **PROTECTIVE**
                                        | **ORDER REGARDING**
15 |              Defendants.            | **PRODUCTION OF RECORDS BY**
                                        | **ORANGE COUNTY DISTRICT**
16 |_____      | **ATTORNEY PURSUANT TO**
   | J.M., etc.,                        | **THIRD-PARTY SUBPOENA**
17 |
18 |              Plaintiff,            |
19 |
        vs.                            |
20 |
21 | CITY OF SANTA ANA; et al.,         |
22 |              Defendants.           |

23              **PROTECTIVE ORDER**

24        Having reviewed the Stipulation by and between Plaintiff J.M. in *J.M. v. City*

25 *of Santa Ana*, Case No. SACV 14-1886 JVS (RNBx), Plaintiffs JOSE EDUARDO

26 ARELLANO, et al. in *Arellano v. City of Santa Ana*, Case No. SACV15-432 JVS

27 (RNBx) (collectively, the "Arellano Actions"), Defendants CITY OF SANTA ANA,

28 et al. ("Defendants") (collectively, "the Parties"), and the Orange County District

Attorney's Office ("OC DA"), and their attorneys of record, and GOOD CAUSE APPEARING, the Court ORDERS the following:

1. The attorneys for Plaintiff J.M. issued a subpoena duces tecum by serving the OC DA with a subpoena for the production, inspection and copying of all DA records and files related to a July 30, 2013 incident involving decedent Hans Kevin Arellano in Santa Ana, California.

2. The OC DA will produce documents, in the OC DA's possession, custody or control, in compliance with the subpoena duces tecum issued as noted in paragraph 1 above. Specifically, the OC DA will produce, subject to the Protective Order as set forth below, all non-privileged documents in its possession, custody or control, responsive to the subpoenas duces tecum.

3. The OC DA maintains and asserts through this stipulation and its objections to the subpoena, that it has a legitimate need to limit access of information on the grounds that disclosure of information in the materials requested would (a) implicate the subjects' rights to privacy, (b) endanger the personal safety of the subjects, (c) disclose confidential official information, (d) disclose attorney work product, (e) harm and interfere with other criminal prosecutions, (f) disclose information protected by the deliberative processes privilege. The OC DA maintains and asserts that it has a legitimate need to limit access to information about internal decision making for the conduct and course of prosecutions. The OC DA maintains and asserts that it has a legitimate need to meet its obligations to maintain confidentiality and/or privacy of information as required by statute and judicial decision, and to assure personal safety of potential witnesses in its prosecutions.

4. Plaintiff and the OC DA have met and conferred pursuant to Local Rule 37-1 and are desirous of resolving the disputes about disclosure and use of information acquired by Plaintiff from the OC DA and its personnel.

Case Nos. SACV 14-1886 JVS (RNBx) et al.
PROTECTIVE ORDER

5. To comply with Plaintiffs' subpoena duces tecum expeditiously, to regulate the disclosure and use of information from the OC DA, and to meet the above identified needs of OC DA, the following procedures and limitations shall govern the use, disclosure, distribution or dissemination of all documents and other tangible things, and the information contained therein (collectively referred hereinafter as "The PROTECTED DOCUMENTS"), either previously or henceforth produced by the OC DA to Plaintiffs and to their counsel:

a. The PROTECTED DOCUMENTS shall be used solely in connection with the preparation and trial of the Arellano Actions, or any related appellate proceeding, and not for any other purpose, including any other litigation. This paragraph shall not preclude the Parties' attorneys of record in this case from indicating, in connection with discovery or a discovery motion in another action, an awareness of responsive documents.  In indicating such awareness in any other action, the Parties' attorneys of record shall not disclose the substance of the Confidential Information.

b. The PROTECTED DOCUMENTS shall be treated as confidential by the Parties and their counsel and shall not be further disclosed, disseminated or otherwise distributed except as provided in this Protective Order.

c. The PROTECTED DOCUMENTS, or any portion thereof, may not be disclosed, distributed or disseminated except as provided in subparagraph (d) below.

d. The PROTECTED DOCUMENTS, or any portion thereof, may only be disclosed to the following persons:

(1) The Parties (including any and all officers, employees, agents, representatives of Defendant City of Santa Ana) and their counsel;

(2) All members of the Parties' legal teams, including, but not limited to, paralegal, investigative, support, stenographic, clerical and secretarial and

related personnel regularly employed by counsel referred to in subparagraph (1) above.

(3)   The Court and Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action; and

(4)   Expert witnesses retained by the Parties' counsel solely for the purpose of this litigation.

e.   Furthermore, each person (except Court personnel) to whom disclosure of The PROTECTED DOCUMENTS, or any portion thereof, is made, with the exception of those identified in subparagraph d. above who are presumed to know the contents of this Protective Order, shall, prior to the time of disclosure, be provided a copy of this Protective Order by the person furnishing him/her such material, and shall agree on the record or in writing that he/she has read the Protective Order, and that he/she understands the provisions of the Protective Order, and that he/she agrees to be bound by the provisions of this Protective Order.  Such person (except Court personnel) also must consent in writing to be subject to the jurisdiction of the United States District Court, Central District of California, with respect to any proceeding relating to enforcement of this Order, including without limitation, any proceeding for contempt.  Unless made on the record in this litigation, counsel making the disclosure to any person described above shall retain the original executed copy of said agreement until final termination of this litigation.

f.   In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain "Protected Documents" or any portion thereof, the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing "Protected Documents" (or any portion thereof), if such portion is segregable, under seal; and the application shall be directed to the judge to whom the papers are directed.  For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

6.      Nothing in paragraph 5 is intended to prevent officials or employees of the County of Orange or other authorized governmental officials from having access to the PROTECTED DOCUMENTS if they would have had access in the normal course of their job duties.  Further, nothing in this Protective Order prevents subsequent attorneys representing the Parties in a re-trial or other post-trial proceedings from gaining access to the PROTECTED DOCUMENTS to the extent they are otherwise available through ordinary discovery procedures or similar means.  Finally, nothing in this order precludes a witness from disclosing events or activities personal to him or her; that is, a witness can disclose to others information previously given to the County of Orange with respect to what he or she saw, heard or otherwise sensed.

7.      In the event this matter proceeds to trial, to the extent that the PROTECTED DOCUMENTS are offered into evidence, the PROTECTED DOCUMENTS will become public, unless sufficient cause is shown in advance of trial to proceed otherwise.

8.      The foregoing is without prejudice to the right of the Parties and the OC DA:

a.      To apply to the Court for a further protective order relating to confidential material or relating to discovery in this litigation; and

b.      To apply to the Court for an order compelling production of documents or modification of this protective order or for any order permitting disclosure of documents or the information contained therein the terms of this protective order.

c.      The Parties do not waive any right to assert, inter alia, that the OC DA does not have a legitimate interest or need to limit access to documents reflecting and/or related to its internal decision making process regarding this INCIDENT and do not waive their rights seeking discovery of these documents. The Parties do not waive their rights to seek disclosure of any and all documents in

the possession of the OC DA relating to the District Attorney files for the cases subpoenaed and identified above on any and all applicable grounds, including but not limited to his rights and guarantees afforded under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

9.     Once the Protective Order issues, the following schedule will take effect, subject to extraordinary circumstances or by mutual agreement of the Parties and the OC DA:

a.     Within Fifteen (15) days of the notice to counsel for the OC DA, of the Court's entry of the Protective Order, the OC DA will make available, for inspection and/or photocopying all subpoenaed documents including all electronic documents in its custody or control, which are responsive to the above-referenced subpoenas duces tecum.  The Parties will bear the cost of duplicating the materials.

b.     The Parties shall place a stamp on each PROTECTED DOCUMENT marked "Confidential–Subject to Protective Order" on only the hard (paper) copies of documents printed and used from the electronic disk or obtained via hard copy and used in the course of this litigation.  If through its inadvertence, surprise or neglect, the Parties do not label a PROTECTED DOCUMENT as indicated, counsel for the Parties shall so notify the OC DA and shall place the phrase "Confidential–subject to Protective Order," on the PROTECTED DOCUMENT.

c.     Within Thirty (30) days after the date that an Order terminating this litigation becomes no longer subject to judicial review, counsel for the Parties shall promptly return to the OC DA all copies of the PROTECTED DOCUMENTS and shall certify it has not retained any such documents, or portions thereof except as required by the Court.

10.     This Protective Order, when entered into by the Court, shall be retroactive to the date of the initial disclosure of any documents made by the OC DA in this matter.

11.     This Protective Order is entered into without prejudice to the right of any party and/or the OC DA to file any motion for relief from the Court from any restriction hereof or for any other or further restriction on the production, exchange, or use of any documents, testimony, or other information produced, given, or exchanged in the course of discovery in this action.  This Order may be modified, amended, or vacated by further Order of the Court.  The OC DA will not file a motion to quash/modify the subpoenas at issue.

12.     This Protective Order shall survive the final determination for this action and shall remain in full force and effect after conclusion of all proceedings herein, and the court shall have continuing jurisdiction to enforce its terms.

13.     If a party to whom the PROTECTED DOCUMENTS has been produced is subpoenaed or ordered by another court or administrative agency to produce information that is subject to this protective order, such party shall, within 10 days, notify the party who produced the material of the pending subpoena or order.  It is the producing party's responsibility to take whatever action it deems appropriate to challenge the subpoena or order in the issuing court or agency.  The party subject to the subpoena or order shall not produce any information subject to this protective order in advance of the date required by the subpoena or order. Nothing herein shall be construed as relieving anyone subject to this order from any obligation to comply with a validly issued subpoena or order.

**IT IS SO ORDERED.**

DATED:    July 09, 2015

_____

Hon. Robert N. Block
United States Magistrate Judge

-7-