**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE EDUARDO ARELLANO; EVA GLORIA SANCHEZ MEJIA; and T.L.C., a minor, individually and as successor in interest by and through her Next Friend, Diana Magali Calderon,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SANTA ANA, a municipality; CHIEF CARLOS ROJAS, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants.<br><br>AND ALL RELATED ACTIONS. | Case No.: SACV14-1886 JVS (DFMx)<br>  Consolidated with SACV15-0432 JVS (RNBx)<br><br>[~~Proposed~~] **PROTECTIVE ORDER RE COURT ORDERED PRODUCTION OF THE ARELLANO SHOOTING REVIEW BOARD MEMORANDUM** |

IT IS HEREBY ORDERED, following stipulation of counsel, as follows:

1.  On September 30, 2015, Plaintiff J.M. filed a motion to compel production of documents responsive to their Requests for Production of Documents propounded on the City of Santa Ana, including the Shooting Review Board Memorandum that pertains to the incident that gives rise to this litigation ("Arellano Shooting Review Board Memorandum"). See Pl's MTC (Doc. 39).

2.  On October 27, 2015, this court heard the plaintiff's motion and later

- 1 -

issued a ruling, ordering the City of Santa Ana to produce certain documents requested by the plaintiff. See 10/29/15 Order (Doc. 45). The magistrate judge also ordered that the defendants submit a copy of the Arellano Shooting Review Board memorandum for *in camera* review.

3. On December 29, 2015, following *in camera* review, the magistrate judge ordered production of the Arellano Shooting Review Board Memorandum and other Shooting Review Boards documents for the five years prior to the incident giving rise to this litigation. See 12/29/15 Further Order (Doc. 76).

4. On January 13, 2016, Defendants filed a motion for review of Magistrate Judge's December 29 Order. See Def. Review Mtn. (Doc. 87). On March 14, 2016, Honorable Selna heard the defendants' motion and, later, issued a ruling ordering the City of Santa Ana to produce the Arellano Shooting Review Board.[1] See 03/17/16 Order (Doc. 116).

5. At the hearing, the counsel for plaintiff J.M. indicated that he will stipulate to a protective order. See id.

6. The City claims the Arellano Shooting Review Board Memorandum is protected by the attorney-client privilege, work product doctrine, and official information privilege, among other privileges (hereinafter "Confidential Documents") and is governed by the following protective order:

## PROPOSED PROTECTIVE ORDER

The Confidential Documents shall be subject to this Protective Order as follows.

1. Certain documents produced by the City of Santa Ana that comprise the Confidential Documents may be clearly designated as "CONFIDENTIAL" and

---

[1] Hon. Selna also ordered that the defendants submit all Shooting Review Board Memoranda that are subject to the Magistrate December 29 Order to magistrate judge to conduct further findings on the documents. Defendants did so on March 29, 2016.

1  be placed in an envelope labeled as such prior to the disclosure.  The
2  "CONFIDENTIAL" designation shall be placed on the printed pages of the
3  Confidential Documents in a manner that does not overwrite or make illegible the
4  text of the document.
5        2.      Each person receiving any of the Confidential Documents shall not
6  disclose to any person or entity, in any manner, including orally, any of the
7  Confidential Documents or any of the information contained therein, except when
8  used for purposes of this litigation pursuant to this protective order.
9        3.      The Confidential Documents and all information contained therein,
10 may only be disclosed to the following "qualified" persons:
11       (a)      Counsel of record for the parties to this civil litigation;
12       (b)      Defendant City of Santa Ana and its employees, including, but not
13 limited to Officers Jessica Guidry and Stephen Chavez;
14       (c)      Paralegal, stenographic, clerical and secretarial personnel regularly
15 employed by counsel referred to in subparagraph (a); and, investigators, expert
16 witnesses and other persons legitimately involved in litigation-related activities for
17 the counsel of record; and
18       (d)      Court personnel, including stenographic reporters engaged in such
19 proceedings as are necessarily incidental to preparation for the trial of this action.
20       (e)      With the exception of the Court and court personnel (who are subject
21 only to the Court's internal procedures regarding the handling of material filed or
22 lodged, including material filed or lodged under seal), all persons receiving a copy
23 of the Confidential Documents shall, before receiving such protected information,
24 be given a copy of this Protective Order and execute a compliance agreement
25 wherein it is agreed that the recipient shall abide by all terms of this order and shall
26 be bound by the terms of this order.  It shall be the responsibility of the respective
27 attorneys to distribute compliance agreements, and then collect and maintain
28 custody of the executed originals of the compliance agreements.

1     4.     The Confidential Documents may be disclosed to the Court and court personnel, in connection with this litigation.  Portions of the Confidential Documents that a party intends to use in support of or in opposition to a pre-trial filing with the Court must be filed in accordance with the Central District of California Local Rules relating to under seal filings, including Local Rule 79-5.  Counsel intending to use documents from Confidential Document must both (a) apply to submit unredacted documents containing any portion of the Confidential Document under seal and (b) file public versions of the same documents with the information from the Confidential Documents redacted.

5.     The parties shall make good faith efforts to consent to the use of "Confidential Documents" in pre-trial filings, and shall meet and confer to discuss redactions of particularly sensitive information before making use thereof.  Should a party challenge the designation of "Confidential Documents," that party must do so in good faith, and shall confer directly with counsel for the producing party before filing such a motion.

6.     In the event this matter proceeds to trial, to the extent that any of the Confidential Documents offered into evidence, those documents will become public, unless sufficient cause is shown in advance of trial to proceed otherwise.

7.     The court reporter, videographer, and audiographer, if any, who record all or part of any future deposition(s) in this matter, which include the Confidential Documents or descriptions thereof, shall be subject to this Order and precluded from providing any portions of the original deposition videotape, audiotape, or exhibits which relate to the Confidential Documents or information to any persons other than counsel of record, absent order of the court.

8.     Those attending any future deposition(s) shall be bound by this Order and, therefore, shall not disclose to any person or entity, in any manner, including orally, any documents from the Confidential Documents made by such person during the course of said depositions.

[~~Proposed~~] PROTECTIVE ORDER RE COURT ORDERED PRODUCTION OF SHOOTING REVIEW BOARD MEMORANDUM

1      9.     At any future deposition(s), should there be persons in attendance
2 who are not authorized to access to the Confidential Documents or information,
3 such persons shall be removed from the deposition room at any time information
4 relating to the Confidential Documents or protected information is disclosed or
5 discussed.
6     10.     The Confidential Documents shall be used solely in connection with
7 the preparation and trial of these consolidated actions, entitled <u>Jose Eduardo
8 Arellano, et al. v. City of Santa Ana, et al.</u>, bearing case number SACV14-1886
9 JVS (DFMx) and <u>J.M., etc. v. City of Santa Ana, et al.</u>, bearing case number
10 SACV15-0432, or any related appellate proceeding, and not for any other purpose,
11 including, without limitation, any other litigation or administrative proceedings or
12 any investigation related thereto.
13     11.     This Order may not be modified unless by written consent of the
14 parties and approval of the Court.  Any party may move for a modification of this
15 Order at any time.  Upon receipt and review of the documents produced pursuant
16 to this protective order, any party may move to remove the confidential
17 designation of any document after meeting and conferring with opposing counsel
18 and pursuant to the procedures governing discovery motions set forth in Local
19 Rule 37.
20     12.     This Order is made for the purpose of ensuring that the Confidential
21 Documents will remain confidential, unless otherwise ordered by the Court or in
22 response to a successful motion by a party made pursuant to Paragraph 11.
23     13.     At the conclusion of this litigation, upon request of defense counsel,
24 plaintiffs' counsel shall return the Confidential Documents to Steven J. Rothans,
25 Esq., Carpenter, Rothans & Dumont, 888 S. Figueroa Street, Suite 1960, Los
26 Angeles, California 90017.  Alternatively, the receiving parties and every other
27 person and/or entity who received originals or copies of the protected information
28 may destroy all such material and material derived therefrom within thirty (30)

calendar days after the conclusion of this case.  Additionally, within thirty (30) calendar days after the conclusion of this case, counsel for the receiving parties shall send a signed declaration stating that such material has been destroyed pursuant to this Protective Order.

14.   Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

### **GOOD CAUSE**

The parties submit that GOOD CAUSE exists to enter the proposed protective order to balance the defendants' concerns that the documents consist of confidential and privileged information and is protected by the official information privilege, law enforcement privilege and the right to privacy, as protected by the California and United States Constitution, with plaintiffs' right to discovery in this litigation.  The parties agree that all documents marked confidential and produced pursuant to this protective order are subject to the terms of this protective unless otherwise ordered by the Court.

IT IS SO ORDERED.

DATED:  April 4, 2016  _____
Honorable Douglas F. McCormick
United States Magistrate Judge

[Proposed] PROTECTIVE ORDER RE COURT ORDERED PRODUCTION OF SHOOTING REVIEW BOARD MEMORANDUM